# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5660-16T1

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

      Plaintiff-Respondent,

v.

C.H.,

      Defendant-Appellant,

and

J.M.,

      Defendant.

_____

IN THE MATTER OF J.H.,

      a Minor.

_____

      Submitted October 31, 2018 – Decided  November 30, 2018

      Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FN-02-0148-15.

Joseph E. Krakora, Public Defender, attorney for appellant (John A. Albright, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Sara M. Gregory, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Olivia Belfatto Crisp, Assistant Deputy Public Defender, on the brief).

PER CURIAM

In this Title Nine case, defendant C.H. appeals from a May 4, 2015 fact finding order, determining that she abused or neglected her daughter J.H.[1]  See N.J.S.A. 9:6-8.21 (c)(4)(b).  After reviewing the record, we conclude that the trial judge's decision is supported by substantial credible evidence.  See N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007).  We affirm substantially for the reasons stated in the judge's written opinion issued with the order.  We add these comments.

---

[1]  We use initials to protect the parties' privacy.  The fact finding order was rendered ripe for appellate review after the court entered a final order on July 20, 2017, dismissing the Title Nine litigation.

The evidence is discussed at length in the trial judge's opinion and can be summarized more briefly here. C.H. and J.M. are the child's parents. After drinking large amounts of beer in a Paterson bar, the parents returned home and got into a drunken brawl with each other in front of the child.[2] At one point, defendant slapped J.M.'s face, and the paternal grandmother, who lived with the family, tried to intervene. Defendant grabbed the grandmother by the hair, and either intentionally or accidentally caused the grandmother's head to hit a wall. The grandmother collapsed and died. The child, who was six years old, saw defendant assault the grandmother, and saw the grandmother collapse.

A psychologist, Dr. Anthony D'Urso, testified that the child was traumatized by the incident, and suffered emotional harm, plus physical symptoms such as stomach aches. He testified that, due to the trauma, the child required individual and family therapy. A case worker from the Division of Child Protection and Permanency (Division), who interviewed the child several hours after the incident, also observed the child's traumatized emotional condition. The worker testified that it was "the saddest interview" she had ever conducted.

---

[2] The child described it as "a fist fight."

 A-5660-16T1

On this appeal, defendant presents the following points of argument for our consideration:

> I. THE FINDING OF ABUSE OR NEGLECT MUST BE REVERSED BECAUSE THE TRIAL JUDGE ERRONEOUSLY CONCLUDED THE NON-TESTIFYING PARENTS' DEMEANOR SUPPORTED ITS FINDINGS OF FACTS.
>
> II. THE LOWER COURT'S CONCLUSION THAT J.H. SUFFERED ACTUAL EMOTIONAL HARM FROM WITNESSING DOMESTIC VIOLENCE AND SUBSTANCE ABUSE IS ERRONEOUS AND MUST BE REVERSED; THE VAGUE "SYMPTOMS" PROFERRED – SUCH AS MERE SADNESS OR DREAMS – FELL FAR SHORT OF ESTABLISHING ANY SUCH HARM.
>
> III. AFTER CORRECTLY RULING HEARSAY AND EXPERT OPINIONS CONTAINED WITHIN THE AUDREY HEPBURN CHILDREN'S HOUSE REPORT WOULD BE EXCLUDED FROM EVIDENCE ABSENT TESTIMONY BY ITS AUTHOR, THE COURT ERRONEOUSLY ADMITTED AND RELIED ON THIS SAME EXCLUDED EVIDENCE WHEN THE AUTHOR OF THE REPORT FAILED TO TESTIFY.
>
> IV. THE COURT ERRED IN ITS EXTENSIVE RELIANCE ON D'URSO'S OPINION THAT J.H. SUFFERED EMOTIONAL HARM BASED UPON OBSERVATIONS WHICH WERE NOT HIS OWN; [DR.] D'URSO DID NOT PERFORM THE EVALUATION OF J.H., THEREFORE HIS OPINION WAS MERELY AN IMPERMISSIBLE [] NET OPINION.

A-5660-16T1

After reviewing the record, we agree with defendant that the trial court erred in noting the parents' courtroom demeanor, because they neither testified nor attempted to use their courtroom demeanor to influence the outcome of the hearing. See N.J. Div. of Youth & Family Servs. v. I.S., 422 N.J. Super. 52, 73-74 (App. Div. 2011), aff'd in part, rev'd in part on other grounds, 214 N.J. 8 (2013); State v. Adames, 409 N.J. Super. 40, 60 (App. Div. 2009). However, we conclude that the error – which consisted of a brief observation at the end of the judge's lengthy opinion – was harmless. See R. 2:10-2. The judge did not base her factual findings on the parents' demeanor. Rather, she based her findings on the ample admissible evidence in the record.

Defendant also contends that Dr. D'Urso should not have been permitted to testify about a psychological report authored by one of his subordinates. In a related point, she contends that because D'Urso did not personally observe the child, his testimony was a net opinion. Defendant did not object to Dr. D'Urso's trial testimony, and we conclude that she waived the arguments she now asserts in points three and four. See N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 341-42 (2010).

Notably, Dr. D'Urso was part of a team of psychologists who evaluated the child. He supervised the work of Dr. Mroz, who interviewed the child and

later provided her with therapy. Following a process he described as standard protocol in the field of psychology, Dr. D'Urso collaborated with Dr. Mroz in preparing a report on the child's condition, and reviewed and signed off on Dr. Mroz's findings. In this case, Dr. Mroz was also present in court and actually testified just before the Division presented D'Urso's testimony. Dr. Mroz's testimony was given in the context of a defense motion to allow the child to visit her parents in the Bergen County Jail. Dr. Mroz testified at length about the trauma the child had suffered as a result of witnessing the domestic violence between her parents, and seeing her grandmother die during the incident. Defense counsel cross-examined Dr. Mroz on her opinions. Immediately, after the motion hearing concluded, the fact finding trial continued before the same trial judge, with Dr. D'Urso as the Division's witness. Had defendant timely objected to Dr. D'Urso's testimony, on the grounds that Dr. Mroz and not Dr. D'Urso had interviewed the child, the Division could have had Dr. Mroz testify. Instead, Dr. D'Urso testified, without objection.

Against that backdrop, we conclude that defendant waived any objection to Dr. D'Urso's testimony. See M.C. III, 201 N.J. at 341-42. Additionally, defendant did not raise before the trial judge the issues she now presents, concerning D'Urso's alleged net opinions or the admissibility of his testimony

about the child's trauma. However, even if we consider those belated arguments, we find they are unsupported by the record and are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E). We find no abuse of the trial judge's discretion in considering D'Urso's testimony. See N.J. Div. of Child Prot. & Permanency v. K.G., 445 N.J. Super. 324, 342 (App. Div. 2016).

As previously noted, the judge's factual findings concerning the underlying domestic violence, the child's having witnessed domestic violence, and the serious emotional harm it caused the child, are supported by substantial credible evidence. The record does not support defendant's efforts to minimize the evidence of trauma to the child. We, therefore, affirm the order on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION